# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TWC LIQUIDATION TRUST,<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 18-10601 (MFW)<br>)<br>)<br>) |
| Dean A. Ziehl, in his capacity as trustee of the TWC LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW R. VARA, in his capacity as the United States Trustee for Region 3; RAMONA D. ELLIOTT, in her capacity as Acting Director of the United States Trustee Program; and the UNITED STATES TRUSTEE PROGRAM,<br><br>Defendants. | ) Adv. Proc. No. 22-50476<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
AND RECOVERY OF FEES PURSUANT TO 11 U.S.C. §§ 549 AND 550**

Dean A. Ziehl (the "Liquidation Trustee"), solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust formed pursuant to the *Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 3182] (the "Plan")[1] of The Weinstein Company Holdings LLC and its affiliated debtors (collectively, the "Debtors"), hereby amends the complaint filed on December 12, 2022, and alleges as follows:

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

1

## NATURE OF THE ACTION

1.  By this action, the Liquidation Trustee seeks a declaration that the TWC Liquidation Trust is entitled to a refund of excess quarterly fees paid to the United States Trustee Program ("UST Program") by the Debtors during the second and third quarter of 2018, and recovery of such fees pursuant to sections 549 and 550 of Title 11 of the United States Code (the "Bankruptcy Code").

2.  The Bankruptcy Judgeship Act was amended pursuant to 28 U.S.C. § 1930(a)(6) (the "Amendment"), which became effective January 1, 2018. The Amendment increased quarterly fees payable to the UST Program solely in districts that follow the UST Program, not in districts that follow their own administrator programs. Pursuant to the Amendment, the Debtors paid the UST Program $866,968.57 more than it otherwise would have prior to the Amendment. Earlier this year, the Supreme Court held in *Siegel v. Fitzgerald,* 142 S. Ct. 1770 (2022), that the Amendment is unconstitutional. As a result, the TWC Liquidation Trust is entitled to an immediate refund of $866,968.57.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §1409. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4.  The Court retained jurisdiction over this adversary proceeding pursuant to the *Order Confirming Plan Proponents' Fifth Amended Joint Chapter 11 Plan of Liquidation* [Docket No. 3203] ("Confirmation Order"), which states that the Court "shall retain jurisdiction over all matters arising out of, arising under, and related to, the Chapter 11 Cases to the fullest extent as is legally permissible, including jurisdiction over matters set forth in Section 13 [Retention of

Jurisdiction] of the Plan." Confirmation Order at ¶ 35. In addition, the Court retained jurisdiction to issue any order necessary to administer the estate pursuant to Federal Rule of Bankruptcy Procedure 3020(d).

5. Pursuant to section 106 of the Bankruptcy Code, each of the defendant's sovereign immunity has been abrogated with respect to the claims asserted herein and this Court has jurisdiction to "hear and determine any issue arising with respect to" such claims. 11 U.S.C. § 106(a)(2).

6. The Liquidation Trustee consents to entry of final orders or a final judgment by this Court in this adversary proceeding.

## THE PARTIES

7. The Liquidation Trustee is the authorized representative of the TWC Liquidation Trust of the Debtors' estates, as more fully set forth in the Plan. The Liquidation Trustee is responsible for, *inter alia,* implementing the provisions of the Plan, pursuing, prosecuting, and settling causes of action such as those asserted herein, making distributions to creditors, and making quarterly fee payments to the UST Program. *See* Plan at § 6.7; *see also* Confirmation Order at ¶¶ 16-17.

8. Defendant Andrew R. Vara is the United States Trustee for Region 3 ("Region 3 Trustee"), a regional division of the UST Program, and is responsible for overseeing the operations of the UST Program in Region 3, which includes the District of Delaware.

9. Defendant Ramona D. Elliott is the Acting Director ("Acting Director") of the UST Program.

10. The UST Program is a component of the United States Department of Justice, an agency of the Executive Branch of the United States Government, and is responsible for overseeing

the administration of bankruptcy cases pursuant to 28 U.S.C. § 586. The UST Program, Region 3 Trustee, and Acting Director are collectively referred to herein as "Defendants."

## FACTUAL BACKGROUND

A. **The Debtors' Chapter 11 Cases and Confirmed Plan**

11. On March 19, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors are comprised of over fifty (50) related entities. The Debtors' bankruptcy cases are jointly administered.

12. On March 28, 2018, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors.

13. On January 20, 2021, the Debtors and the Official Committee of Unsecured Creditors jointly filed the Plan. On January 26, 2021, the Court entered the Confirmation Order. The Plan became effective on February 18, 2021. *See* Docket No. 3258.

14. Pursuant to the Plan and accompanying Liquidation Trust Agreement, the Liquidation Trustee was appointed as successor-in-interest to, and the representative of, the Debtors' estates for the retention, enforcement, settlement, or adjustment of all claims and rights, known and unknown, and all interests belonging to the Debtors or their estates that arose prior to the Effective Date, except in connection with any proceeding relating to Sexual Misconduct Claims as defined in the Plan. Plan at § 6.3. Under the Plan, all of the Debtors' right, title, and interest in and to all of the Liquidation Trust Assets, including claims and Causes of Action, were automatically transferred to the TWC Liquidation Trust. *Id.* at § 6.5; *see also* Confirmation Order at ¶¶ 16-17.

B.  **Increased U.S. Trustee Quarterly Fee Schedule**

15. The UST Program is a component of the United States Department of Justice and is responsible for overseeing the administration of bankruptcy cases in 88 of the 94 judicial districts of the United States. Six judicial districts located in Alabama and North Carolina are overseen by the Bankruptcy Administrator Program, which is part of the judicial branch and is overseen by the Administrative Office of the United States Courts (the "Administrator Districts"). The Administrative Office of the United States Courts is supervised by the Judicial Conference of the United States.

16. In the judicial districts overseen by the UST program, including the District of Delaware (the "UST Districts"), chapter 11 debtors are required to pay quarterly fees to the UST Program in accordance with 28 U.S.C. § 1930, which provides that, among other fees, a "quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever comes first." 28 U.S.C. § 1930(a)(6)(A). The quarterly fees are based on the total quarterly "disbursements" made by the applicable debtor in each quarter. *Id.*

17. In October 2017, Congress amended 28 U.S.C. § 1930(a)(6) to increase the quarterly fees payable to the UST Program in chapter 11 cases. Under 28 U.S.C. § 1930(a)(6)(B), the Amendment increased the maximum fee per debtor by over 800% (from $30,000 to $250,000). *See* Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, § 1004, 131 Stat. 1224, 1232 (October 26, 2017).

18. The Amendment imposed the quarterly fee increase *only* in UST Districts. The quarterly fees did not initially apply in the Administrator Districts (*i.e.*, Alabama and North Carolina) because 28 U.S.C. § 1930(a)(7) provided that "the Judicial Conference of the United

States *may require* the debtor in a case under chapter 11 of title 11 to pay fees equal to those imposed by paragraph (6) of this subsection." 28 U.S.C. § 1930(a)(7) (emphasis added).[2] In other words, additional steps were required to be taken by the Judicial Conference of the United States to effectuate the increased quarterly fees in the Administrator Districts.

19. Effective January 1, 2018, the UST Program assessed the increased quarterly fees on all cases pending in UST Districts.

C.   **Excess Fees Imposed in These Chapter 11 Cases**

20. From the Petition Date through the effective date of the Plan, the Debtors paid quarterly fees on disbursements based on the fee schedule set forth in the Amendment. After the effective date of the Plan, the Liquidation Trustee paid, and continues to pay, such quarterly fees based on the fee schedule set forth in the Amendment.

21. Certain of the Debtors paid a total of $866,968.57 in increased quarterly fees during the second and third quarter (Q2 and Q3) of 2018 under the amended quarterly fee schedule,[3] as compared to applicable fees under the pre-Amendment schedule (collectively, the "Excess Fees"). The Excess Fees paid by the Debtors in Q2 2018 and Q3 2018 reflect overpayments that are attributable solely to the Amendment. The Excess Fees for each quarter are detailed below:

| Q2 2018 Excess Fees | | | | |
|---|---|---|---|---|
| **Debtor Name** | **Disbursements** | **Fees Paid** | **Fees Due Prior to Amendment** | **Excess Fees Paid** |
| TWC Domestic | 61,290,307.48 | 250,000.00 | 30,000.00 | 220,000.00 |
| The Weinstein Co. | 39,276,966.19 | 250,000.00 | 30,000.00 | 220,000.00 |
| TWC Production LLC | 16,042,495.51 | 160,424.96 | 30,000.00 | 130,424.96 |
| Weinstein Television LLC | 6,221,820.31 | 62,218.20 | 30,000.00 | 32,218.20 |

---

[2]   A subsequent amendment, effective January 1, 2021, mandated a uniform fee increase in Administrator Districts by changing 28 U.S.C. § 1930(a)(7) to state that the Judicial Conference "shall" require the debtor in Administrator Districts to pay fees equal to those imposed under 28 U.S.C. § 1930(a)(6).

[3]   Only the Debtors that paid Excess Fees to the UST Program are identified herein.

| Q2 2018 TOTAL | 122,831,589.49 | 722,643.16 | 120,000.00 | **602,643.16** |
|---|---|---|---|---|
| **Q3 2018 Excess Fees** | | | | |
| **Debtor Name** | **Disbursements** | **Fees Paid** | **Fees Due Prior to Amendment** | **Excess Fees Paid** |
| TWC Domestic | 7,432,541.24 | 74,325.41 | 30,000.00 | 44,325.41 |
| The Weinstein Co. | 31,248,992.03 | 250,000.00 | 30,000.00 | 220,000.00 |
| TWC Production LLC | 990,519.25 | 4,875.00 | 4,875.00 | -0- |
| Weinstein Television LLC | 2,556,436.86 | 25,564.37 | 25,564.37 | -0- |
| **Q3 2018 TOTAL** | 42,228,489.38 | 354,764.78 | 90,439.37 | **264,325.41** |

**D.    The Liquidation Trustee Is Entitled to a Refund of Excess Fees**

22.    On June 6, 2022, the Supreme Court unanimously held that the Amendment was unconstitutional because it exempted debtors from the Administrator Districts from the quarterly fee increase and thereby violated the uniformity requirement of the Bankruptcy Clause at U.S. Const., Art. I, § 8, cl. 4. *See Siegel v. Fitzgerald,* 142 S. Ct. 1770 (2022).[4]

23.    Fees paid and collected pursuant to 28 U.S.C. § 1930(a)(6) are deposited in the United States Trustee System Fund, which is administered by the UST Program. *See* 28 U.S.C. § 589a(b)(5).

24.    In appropriating funds for the UST Program, Congress made the amounts in the United States Trustee System Fund available for the payment of refunds to depositors such as the Debtors and the Liquidation Trustee, as follows:

> [N]otwithstanding any other provision of law, deposits to the United States Trustee System Fund and amounts herein appropriated shall be available in such amounts as may be necessary to pay refunds due depositors.

Consolidated Appropriations Act, 2019 Pub. L. No. 116-6, at 103-04 (2019).

---

[4]    Following the Supreme Court's ruling in *Siegel v. Fitzgerald* that the Amendment was unconstitutional, the Second Circuit and Tenth Circuit have held that a chapter 11 debtor is entitled to a refund of its overpayments to the U.S. Trustee. *In re Clinton Nurseries, Inc.,* 998 F. 3d 56, 70 (2d Cir. 2021) (reinstated on remand); *In re John Q. Hammons Fall 2006, LLC,* 15 F. 4th 1011, 1015 (10th Cir. 2021) (same).

7

25. Moreover, Chapter 3-9.6.2.4 of the United States Trustee Program Policy and Practices Manual (the "UST Manual") requires the UST Program to follow "[p]ayment refund procedures established by the [Executive Office of the United States Trustee] … in the event that overpayment of quarterly fees necessitates a refund." UST Manual, Ch. 3-9.6.2.4.

26. Because the Amendment was held to be unconstitutional, the Excess Fees paid by the Debtors and the Liquidation Trustee were unlawfully charged by the UST Program, and the TWC Liquidation Trust is entitled to a refund of such Excess Fees. Upon information and belief, there are sufficient funds in the United States Trustee System Fund to provide the TWC Liquidation Trust with a refund of all Excess Fees.

## COUNT 1

**Declaratory Judgment Regarding Refund of Excess Fees – Against Defendants**

**(28 U.S.C. § 2201; 11 U.S.C. §§ 105, 1142; Fed. R. Bankr. P. 2020, 3020)**

27. The Liquidation Trustee repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

28. For the second and third quarters of 2018, the Debtors paid Excess Fees of $866,968.57 in compliance with the Amendment, which was subsequently deemed unconstitutional. The Excess Fees exceeded the amount of quarterly fees that the UST Program was lawfully permitted to charge and that the Debtors and Liquidation Trustee were legally required to pay.

29. An actual, substantial, and justiciable controversy exists between the Defendants and the Liquidation Trustee as to whether the TWC Liquidation Trust is entitled to recover the Excess Fees.

30. Pursuant to 28 U.S.C. § 2201, this Court is empowered to "declare the rights and other legal relations of any interested party" in cases of actual controversy within its jurisdiction.

31. Pursuant to section 105(a) of the Bankruptcy Code, this Court is empowered to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

32. Pursuant to section 1142(b) of the Bankruptcy Code, this Court is empowered to "direct the debtor and any other necessary party to… perform any other act… that is necessary for the consummation of the Plan."

33. A substantial controversy exists between the Defendants and the Liquidation Trustee of sufficient immediacy to warrant a prompt judicial determination of the respective rights and duties of the parties. The Liquidation Trustee respectfully prays for a judgment declaring that the TWC Liquidation Trust is entitled to a refund of the Excess Fees.

## COUNT 2

**Avoidance and Recovery of Unauthorized Postpetition Transfer – Against UST Program**

**(11 U.S.C. §§ 549 and 550)**

34. The Liquidation Trustee repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

35. The Debtors paid Excess Fees of $866,968.57 to the UST Program in compliance with the Amendment. The Excess Fees constituted property of the estate that was transferred after the Petition Date pursuant to an Amendment that was deemed unconstitutional and, therefore, not authorized by the Bankruptcy Code.

36. Transfer of the Excess Fees is avoidable by the Liquidation Trustee pursuant to section 549(a) of the Bankruptcy Code and recoverable for the benefit of the Debtors' estate pursuant to section 550 of the Bankruptcy Code.

37. The period for seeking avoidance and recovery of the Excess Fees under section 549(d) was equitably tolled because the Litigation Trustee has diligently pursued the rights of the TWC Liquidation Trust, and the Amendment was the subject of appellate litigation until June 6, 2022, when the Supreme Court issued its opinion in *Siegel v. Fitzgerald*. Accordingly, the Liquidation Trustee was prevented from asserting an earlier avoidance claim for an unauthorized postpetition transfer based on extraordinary circumstances beyond his control. The Liquidation Trustee timely prays for a judgment avoiding and recovering the Excess Fees.

## COUNT 3

### Unjust Enrichment – Against UST Program

38. The Liquidation Trustee repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

39. The Amendment, which has been held unconstitutional by the Supreme Court, caused the UST Program to be enriched at the expense of the TWC Liquidation Trust and its beneficiaries.

40. The UST Program received substantial fees that in good conscience should be refunded to the TWC Liquidation Trust for the benefit of creditors. Based on equitable principles of restitution for unjust enrichment, the Liquidation Trustee seeks a judgment against the UST Program for restitution and disgorgement of the Excess Fees paid by the Debtors during Q2 2018 and Q3 2018.

**PRAYER FOR RELIEF**

WHEREFORE, the Liquidation Trustee respectfully prays for judgment against Defendants as follows:

a) For a declaration that the TWC Liquidation Trust is entitled to a refund of the Excess Fees;

b) For a judgment avoiding and recovering the Excess Fees;

c) For general and compensatory damages according to proof; and

d) For such other and further relief as the Court deems just and proper.

December 30, 2022                                       PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Colin R. Robinson (DE Bar No. 5524)
Jason H. Rosell (admitted *pro hac vice*)
Gail S. Greenwood (admitted *pro hac vice*)
919 North Market Street, 17th Floor
Wilmington, DE 19899 (Courier 19801)
Tel: 302-652-4100
Email: crobinson@pszjlaw.com
              jrosell@pszjlaw.com
              ggreenwood@pszjlaw.com

*Attorneys for Dean A. Ziehl, solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust*

DOCS_SF:108299.3