# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TWC LIQUIDATION TRUST,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-10601 (MFW) |
| Dean A. Ziehl, in his capacity as trustee of the TWC LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW R. VARA, in his capacity as the United States Trustee for Region 3; RAMONA D. ELLIOTT, in her capacity as Acting Director of the United States Trustee Program; and the UNITED STATES TRUSTEE PROGRAM,<br><br>Defendants. | Adv. Proc. No. 22-50476 |

**DECLARATION OF KYLE HERMAN IN SUPPORT OF
LIQUIDATION TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
FOR A REFUND OF OVERPAID UNITED STATES TRUSTEE PROGRAM FEES**

I, Kyle Herman, make this declaration under 28 U.S.C. § 1746 and state as follows:

1. I am older than 21 years of age and suffer no legal disability. I am competent to make this declaration.

2. I submit this declaration for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence in support of the *Liquidation Trustee's Motion for Summary Judgment for a Refund of*

*Overpaid United States Trustee Program Fees* (the "Motion").[1] I have read the Motion and I am generally familiar with the information contained therein.

3. I am a principal of Exigent Partners, financial advisor to the Liquidation Trustee. I have served in this position since February 18, 2021. Among my responsibilities in this position, I am responsible for the Liquidation Trustee's review and analysis of expenses and payments in these chapter 11 cases. Other individuals involved in this process act either (a) at my direction and under my supervision; or (b) with my advice, consultation, and coordination. I am familiar with the review and analysis of the relevant filings and books and records concerning the matters addressed herein.

4. Except as otherwise indicated, my statements in this declaration are based on my personal experience and knowledge as described above, my discussions (if any, as applicable) with relevant individuals, and my review of relevant documents, including, without limitation, the proofs of claim and any applicable books and records, or summaries of them prepared for my review in connection with the Motion. If called to testify, I could and would testify as stated herein.

5. This declaration is intended to support the relief requested in the Motion, the refund of **$971,624.13** in UST Program fees that the Debtors overpaid during the first three (3) quarters of 2018 when, as I (as a layman) understand it, the UST Program charged debtors such as the Debtors in these chapter 11 cases increased fees that substantially exceeded the fees charged to debtors in court districts that were not under the administration of the UST Program, but of the Bankruptcy Administrator Program (the "BA Districts"), which did not charge the increased fees at the time.

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

6. I understand that the United States Supreme Court found this disparity to be unconstitutional in the summer of 2022, and that it is the position of the Liquidation Trustee that fees paid by the Debtors from January through September of 2018 (*i.e.*, Q1-Q3 2018) in excess of the fee schedule in effect prior to 2018, and which remained applicable in BA Districts (the "Excess Fees"), should be refunded to the Liquidation Trust.

7. I have reviewed the UST Program fee schedules and the Debtors' financial filings to determine whether, and to what extent, any of the Debtors paid Excess Fees from the first through third quarters of 2018. The current and past UST Program fee schedules are posted at the UST Program's website at https://www.justice.gov/ust/chapter-11-quarterly-fees. A copy of the UST Program fee schedules webpage is attached hereto as **Exhibit 1**.

8. It is my understanding that the UST Program fees are determined based on a debtor's disbursements for each quarter or part thereof. Chapter 11 debtors report those disbursements in their Monthly Operating Reports ("MORs") filed with the bankruptcy court. The disbursement amounts used for calculation of the fees are identified as the line item "Disbursements for UST Fee Calc." at the bottom of schedule "MOR 1 – Schedule of Cash Receipts and Disbursements" in each MOR. For this declaration, I have reviewed the MORs filed by the Debtors for the periods of March 2018 (the first period for which they filed an MOR) through September 2018, as well as other records of the Liquidation Trust. Copies of the MORs, all of which were filed with the Court, are attached hereto as **Exhibits 2-8**. It is my understanding that the Debtors paid the fees due during the first, second, and third quarters of 2018.

9. I note that the MORs were prepared by FTI Consulting, Inc. ("FTI"), which was retained by the Debtors to provide interim management services. Accordingly,

DOCS_NY:46970.5 92767/001

Exigent Partners is not itself in possession of the Debtors' full financial records. In my work for the Liquidation Trust, I routinely rely on the work product, including MORs, prepared by FTI and filed by the Debtors.

10.     Per <u>Exhibit 1</u>, the UST Program fee schedule in effect prior to January 1, 2018 (that is, from January 1, 2008 until December 31, 2017) was:

| TOTAL QUARTERLY DISBURSEMENTS | QUARTERLY FEE |
|---|---|
| $0 to $14,999 | $325 |
| $15,000 to $74,999 | $650 |
| $75,000 to $149,999 | $975 |
| $150,000 to $224,999 | $1,625 |
| $225,000 to $299,999 | $1,950 |
| $300,000 to $999,999 | $4,875 |
| $1,000,000 to $1,999,999 | $6,500 |
| $2,000,000 to $2,999,999 | $9,750 |
| $3,000,000 to $4,999,999 | $10,400 |
| $5,000,000 to $14,999,999 | $13,000 |
| $15,000,000 to $29,999,999 | $20,000 |
| $30,000,000 or more | $30,000 |

11.     The fees for disbursements above $1 million in a quarter increased dramatically in 2018, up to a more than eight-fold increase, from $30,000 to $250,000 at the high end. From January 1, 2018 through March 31, 2021, the fee schedule (again per <u>Exhibit 1</u>) was:

| TOTAL QUARTERLY DISBURSEMENTS | QUARTERLY FEE |
|---|---|
| $0 to $14,999 | $325 |
| $15,000 to $74,999 | $650 |
| $75,000 to $149,999 | $975 |
| $150,000 to $224,999 | $1,625 |
| $225,000 to $299,999 | $1,950 |
| $300,000 to $999,999 | $4,875 |
| $1,000,000 or more | 1% of quarterly disbursements or $250,000, whichever is less |

12. Six of the Debtors made quarterly disbursements in the March-September 2018 period in excess of $1 million such that they paid Excess Fees. Those debtors are TWC Domestic LLC, The Weinstein Company LLC, TWC Production LLC, Weinstein Television LLC, Spy Kids TV Borrower, LLC, and TWC Mist LLC.

13. Calculating the Excess Fees is a mathematical exercise, requiring (1) determination of the fee due under the schedule in effect in 2018 based on the quarterly disbursements for each Debtor entity, and (2) subtracting from that the amount that would have been due under the prior fee schedule. The following tables set out the quarterly "Disbursements for UST Fee Calc." amount for each entity, the fees paid pursuant to the UST Program Fee Schedule, the fees that would have been due under the prior schedule, and the consequent amount of the overpayment.[2]

14. The table below sets forth the Excess Fees for **Q1 2018**:

---

[2] The calculations here differ from those in the Complaint. On review for this Motion, the Liquidation Trustee determined that the calculations used in the Complaint applied a $30,000 fee under the prior fee schedule for all disbursements exceeding $1 million. In fact, that $30,000 fee applied only to quarterly disbursements of $30 million or more; lower fees were assessed in brackets between $1 million and $30 million. *See supra* ¶ 10. The tables in this declaration correctly reflect the additional overpaying Debtors and the lower prior fees (and hence greater Excess Fees) where applicable.

| Debtor Name | Quarterly Disbursements | Calculated Fee | Prior Fee | Excess Fees |
|---|---|---|---|---|
| TWC Domestic LLC | 2,507,550.00 | 25,075.50 | 9,750.00 | 15,325.50 |
| The Weinstein Company LLC | 1,421,737.00 | 14,217.37 | 6,500.00 | 7,717.37 |
| TWC Production LLC | 614,339.00 | 4,875.00 | 4,875.00 | - |
| Weinstein Television LLC | 2,813.00 | 325.00 | 325.00 | - |
| **Total:** | **$ 4,546,439.00** | **$ 44,492.87** | **$ 21,450.00** | **$ 23,042.87** |

15. The table below sets forth the Excess Fees for **Q2 2018**:

| Debtor Name | Quarterly Disbursements | Calculated Fee | Prior Fee | Excess Fees |
|---|---|---|---|---|
| TWC Domestic LLC | 61,290,308.00 | 250,000.00 | 30,000.00 | 220,000.00 |
| The Weinstein Company LLC | 39,276,966.00 | 250,000.00 | 30,000.00 | 220,000.00 |
| TWC Production LLC | 16,042,495.00 | 160,424.95 | 20,000.00 | 140,424.95 |
| Weinstein Television LLC | 6,221,820.00 | 62,218.20 | 13,000.00 | 49,218.20 |
| Spy Kids TV Borrower, LLC | 2,047,269.00 | 20,472.69 | 9,750.00 | 10,722.69 |
| TWC Mist LLC | 1,757,563.00 | 17,575.63 | 6,500.00 | 11,075.63 |
| **Total:** | **$ 126,636,421.00** | **$ 760,691.47** | **$ 109,250.00** | **$ 651,441.47** |

16. The table below sets forth the Excess Fees for **Q3 2018**:

| Debtor Name | Quarterly Disbursements | Calculated Fee | Prior Fee | Excess Fees |
|---|---|---|---|---|
| TWC Domestic LLC | 7,432,542.00 | 74,325.42 | 13,000.00 | 61,325.42 |
| The Weinstein Company LLC | 31,248,991.00 | 250,000.00 | 30,000.00 | 220,000.00 |
| TWC Production LLC | 990,519.00 | 4,875.00 | 4,875.00 | - |
| Weinstein Television LLC | 2,556,437.00 | 25,564.37 | 9,750.00 | 15,814.37 |
| **Total:** | **$ 42,228,489.00** | **$ 354,764.79** | **$ 57,625.00** | **$ 297,139.79** |

17. Based on the foregoing, the Liquidation Trust is due **$971,624.13** as a refund for Excess Fees for Q1-Q3 2018.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: January 30, 2023

                */s/ Kyle Herman*
                Kyle Herman